UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HUNTER BOULWARE                     CIVIL ACTION NO. 25-cv-2007

VERSUS                              JUDGE TERRY A. DOUGHTY

WALMART INC ET AL                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiff filed this civil action against Walmart, Inc. and Wal-mart Louisiana, LLC to complain of employment discrimination. Plaintiff's initial complaint (Doc. 1) consisted of 67 pages, single spaced, with 433 separate paragraphs. The complaint also attached 41 pages of exhibits and a manual attachment. Federal Rule of Civil Procedure 8(a) requires that a complaint include a "short and plain statement of the claims showing that the pleader is entitled to relief." Rule 8(d)(1) adds that each averment of a pleading "shall be simple, concise, and direct." The Supreme Court has explained that a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.

When a plaintiff filed a 116-page complaint with 242 separate paragraphs, asserting Eighth Amendment claims for improper medical care, an appellate court held that it was in clear violation of Rule 8 and could have been dismissed for that reason alone. Flayter v. Wisconsin Department of Corrections, 16 Fed. Appx. 507 (7th Cir. 2001). In Toth v. Wills Fargo Bank, 2013 WL 4805027 (E.D. Mich. 2013) a magistrate judge recommended

dismissal of an 83-page complaint that asserted multiple claims based on an alleged wrongful foreclosure. Similarly, the court in Shabazz v. Xerox, 2014 WL 4181600 (S.D. Ohio 2014) dismissed a 127-page complaint that attempted to assert numerous claims based on alleged conspiracies in connection with the enforcement of child support laws. An 85-page complaint filed by President Trump against the New York Times was found to be "decidedly improper and impermissible" under even the most lenient application of Rule 8. Trump v. New York Times Co., 2025 WL 2680597 (M.D. Fla. 2025). The president's complaint was struck with leave to file an amended complaint that could not exceed 40 pages.

    Plaintiff's complaint is far too lengthy and convoluted to comply with Rule 8. Plaintiff will be given an opportunity to propose an amended complaint that sets forth the claims he wishes to pursue in compliance with the Federal Rules of Civil Procedure. His deadline for filing a motion for leave to amend is **January 26, 2026.** Any proposed amended complaint should be styled as, and will be treated as, a Restated and Amended Complaint that will supersede and replace the original complaint. It may not exceed 25 pages in length (double spaced) in at least 12-point font with one-inch margins. Proposed exhibits may not exceed 25 pages. Plaintiff should not include legal arguments, and he should not attach numerous exhibits in support of each of his allegations. Exhibits are to be disclosed in discovery in response to proper discovery requests.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of January, 2026.

                                                     Mark L. Hornsby
                                Page **2** of **2**       U.S. Magistrate Judge